UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES C.,

           Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

22-CV-06217-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 11)

Plaintiff James C.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Supplemental Security Insurance ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 8) is granted, and defendant's motion (Dkt. No. 9) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

**BACKGROUND**[2]

Plaintiff filed for SSI on May 13, 2020, with an alleged onset date of May 13, 2020. (Administrative Transcript ["Tr."] 13, 190-98). The application was initially denied on August 13, 2020, (Tr. 13, 57-66), and on reconsideration on October 20, 2020. (Tr. 13, 67-76). Plaintiff filed a written request for hearing on November 20, 2020. (Tr. 121-34). On April 27, 2021, Administrative Law Judge ("ALJ") Mark Solomon held a telephone hearing at which Plaintiff appeared and testified, along with his non-attorney representative. (Tr. 28-56). A vocational expert also appeared and testified. The ALJ issued an unfavorable decision on May 4, 2021. (Tr. 10-27). The Appeals Council denied review. (Tr. 1-6). This case followed.

**DISCUSSION**

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is

not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *The ALJ's Decision*

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 13, 2020, the application date. (Tr. 15). At step two, the ALJ found that Plaintiff has the following severe impairments: bipolar disorder; and post-traumatic stress disorder. (Tr. 15-16). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16-17).

Prior to proceeding to step four, the ALJ assessed Plaintiff's RFC and concluded that he can perform

> a full range of work at all exertional levels, but with the following non-exertional limitations: the claimant can remember, understand and carry out simple instructions required to perform all SVP level 1 and 2 jobs, up to reasoning level 2. The claimant can make simple work related decisions, adapt to routine changes in the work place, and can maintain attention and concentration for routine repetitive rote work not requiring high volume or fast paced assembly line production quotas. Furthermore, the claimant can perform a job with only occasional close interpersonal contact with supervisors and coworkers, and no close interpersonal contact with the general public.

(Tr. 18).

At the fourth step, the ALJ found that Plaintiff has no past relevant work. (Tr. 21). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 22-23). Therefore, the ALJ found that Plaintiff has not been under a disability since May 13, 2020, the application date. (Tr. 23).

IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded because the ALJ failed to provide reasons for rejecting the April 6, 2021 opinion of Licensed Master Social Worker ("LMSW") Kayla Henry, and her supervisor Licensed Clinical Social Worker Courtney Brothers, that Plaintiff would be absent from work about four days per month. The Court agrees that remand is required.

In a medical source statement dated April 6, 2021, LMSW Henry and LCSW Brothers opined, *inter alia*, that Plaintiff's impairments or treatment would cause her to be absent from work about four days per month. (Tr. 882). While the ALJ mentioned this portion of the April 6, 2021 opinion in his decision (Tr. 20), he offered no explanation or reason for rejecting it. This was error. "[F]indings related to time off task or absenteeism present 'analytical difficulty' because 'neither ... can be readily confirmed or dispelled just by examining treatment notes or objective criteria ... [but] rest in some substantial part on the black box of the treating providers' experience with [the] plaintiff's various conditions.'" *Elizabeth P. v. Comm'r of Soc. Sec.*, 2022 WL 507367, at *14 (N.D.N.Y. Feb. 18, 2022) (quoting *Amanda R. v. Comm'r of Soc. Sec.*, 2021 WL 3629161, at *8 (N.D.N.Y. Aug. 17, 2021)); *see also Lesterhuis v. Colvin*, 805 F.3d 83, 88 (2d Cir. 2015); *Melanie M. v. Berryhill*, 2019 WL 3852699, at *10 (D. Vt. Aug. 16, 2019) (citing *Merkel v. Comm'r of*

*Soc. Sec.*, 350 F. Supp. 3d 241, 249 (W.D.N.Y. 2018)). The ALJ's failure to offer any reason or explanation for rejecting the absenteeism limitation leaves pertinent questions unanswered. *Danette Z. v. Comm'r of Soc. Sec.*, 2020 WL 6700310, at *8 (N.D.N.Y. Nov. 13, 2020)).[3]

This error was not harmless. As the vocational expert testified, employers will not tolerate more than one absence per month. (Tr. 54). Thus, remand is required so that the ALJ can offer an explanation for rejecting the absenteeism limitation.[4]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is granted and defendant's motion for judgment on the pleadings (Dkt. No.9) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   September 13, 2024
         Buffalo, New York

                                               MICHAEL J. ROEMER
                                               United States Magistrate Judge

---

[3] The defendant offers *post hoc* rationalizations as to why it would have been proper for the ALJ to reject the absenteeism limitation, but none of those reasons were cited by the ALJ in his decision. In fact the ALJ gave no explanation. It is not the role of the Court or the defendant to provide rationales for the ALJ's decision when the ALJ failed to do so. *See Faison v. Berryhill*, 2017 WL 3381055, *4 (W.D.N.Y. Aug. 5, 2017).

[4] Plaintiff also argues that the case must be remanded because the ALJ failed to properly evaluate the medical opinion evidence. Particularly, Plaintiff argues that the ALJ incorrectly conflated the ability to respond appropriately to others with the ability to interact with others. On remand, the ALJ should also address this argument.